Argued February 4, affirmed April 20, 1966

IN THE MATTER OF ADAM JAMES MUNSCH, ET AL,
CHILDREN

STATE OF OREGON *v.* WINTERS

413 P. 2d 425

*John Toran, Jr.,* Portland, argued the cause and filed a brief for appellant.

*Harold C. Hart,* Deputy District Attorney, Portland, argued the cause for respondent. With him on the brief was George Van Hoomissen, District Attorney, Portland.

Before MCALLISTER, Chief Justice, and PERRY, SLOAN, HOLMAN and LUSK, Justices.

McALLISTER, C. J.

This is an appeal from an order of the circuit court for Multnomah county terminating the parental rights of Phyllis Winters to three of her children. ORS 419.523 provides that parental rights may be

terminated if the court finds that the parent is (a) "unfit by reason of conduct or condition seriously detrimental to the child," or (b) has "wilfully deserted or neglected without just and sufficient cause to provide proper care and maintenance for the child for one year." In this case the court found both that the mother was unfit and that she had wilfully neglected for more than one year properly to provide for the children. We affirm the order of the trial court, but prefer to base our decision on the first ground.

Phyllis Winters came to Portland from North Dakota in August, 1955, when she was but fifteen years of age. On September 29, 1956, she gave birth to Jimmy, the first of the children involved in this proceeding. The record is vague as to the identity of Jimmy's father, but in any event the child was born out of wedlock. On December 24, 1956 Phyllis married Roderick Belknap, and bore one child, Steven, as the issue of that marriage. Phyllis obtained a divorce from Belknap in August, 1959 and was given custody of Steven.

Robert, the second child involved in this proceeding, was born on September 20, 1960, and his sister, Hannah, the third child here involved, was born August 28, 1961. The father of these children was Neil Hisel, with whom Phyllis lived in a meretricious relationship for about two years. On November 13, 1961 she and Hisel engaged in a brawl outside a Portland tavern, were arrested and sentenced to 90 days in jail. Phyllis was released after serving ten days. After Phyllis was arrested the four children were taken by the police from her apartment to a nursery home. The children were in a deplorable condition. After a preliminary hearing, held on November 28,

1961, the court found that the children had not been receiving adequate care and needed the protection of the court. The children were made wards of the court and placed temporarily in a nursery home pending a study to determine what disposition would be in the best interest of the children. A further hearing was held on January 9, 1962, concluding in an order continuing the children as wards of the court and temporarily committing them to the Multnomah County Public Welfare Commission for placement in foster homes.

In the spring of 1962 the child Steven died as a result of an injury received while in foster-home care, leaving Phyllis with the three children involved in this proceeding. At about the same time Phyllis met her present husband, Newell Winters. In July, 1962 Phyllis moved to Southern California, where she lived with Winters in a meretricious relationship until they were finally legally married on July 1, 1964. In the meantime she bore two children by Winters.

Between November 28, 1961 and July 29, 1964 the problem of what to do about these children was considered by the court below on numerous occasions. In addition to hearings on November 28, 1961 and January 9, 1962, the matter was considered by the court on five occasions when Phyllis was either present or represented by an attorney. During this period the court was urging Phyllis to demonstrate her fitness to care for her children and to propose an acceptable plan for that purpose.

The present proceeding was initiated by a petition filed on June 25, 1964; and after a hearing held on July 29, 1964 at which Phyllis was present in person and represented by counsel, the order terminating her

parental rights was entered. We quote the following from the opinion of the able trial judge:

> "This is not a pleasant task, but I have no alternative. For more than three years Phyllis has put her own needs and desires ahead of her children. She refuses to live by acceptable marital standards. She wants her children, yet refuses to attempt any plan to provide for them; she fails and refuses to support; she even ignores birthdays and Christmas. Her life has been one of indecision, incompetence and immorality. For more than a year the Court has attempted to work with her to the end that her children could be cared for, but she persistently refuses to take any responsibility for reuniting or providing for her family; save and except for her ultimate marriage to Mr. Winters, the last of her associates by whom she has born (sic) children out of wedlock. I find all of the material allegations of the petition substantiated and find her to be unfit; I further find that she has, for more than one year, wilfully failed, refused and neglected her children without sufficient cause. I therefore terminate her rights as a parent."

We approve the finding of the trial judge that Phyllis is unfit to have custody of her children. We have some doubt whether the record will sustain the finding of wilful failure to support, and prefer not to rest our decision on that ground.

The order of the trial court is affirmed. Neither party shall recover costs in this court.